UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN JUDAH MICHALEK,<br><br>               Plaintiff,<br>    v.<br><br>LILLIAN POWERS KAIDE, et al.,<br><br>               Defendants. | Case No. C19-5605-RJB-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT AND DENYING REQUEST FOR COUNSEL AS PREMATURE |

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering the deficiencies in the complaint discussed below, the undersigned will not direct service of the complaint at this time. On or before **September 30, 2019**, plaintiff must either show cause why the claims discussed below should not be dismissed/why the Court should not abstain from deciding the claims raised in his complaint pursuant to *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971), or file an amended complaint addressing these issues.

## **BACKGROUND**

Plaintiff's complaint appears to allege his probation officer, Tracie Lake, gave him inaccurate information or failed to notify him that he was required to report to probation. Dkt. 12. Plaintiff alleges, as a result, a warrant was issued based on his failure to report and he was arrested and charged with a misdemeanor. *Id.* He further alleges ineffective assistance of counsel by his public defender, Lillian Powers Kaide, it appears, for seeking to have his mental health

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING REQUEST FOR COUNSEL
AS PREMATURE - 1

evaluated, for delays in his case, and because she generally does not seem to know what is going on with his case. *Id.* Plaintiff seeks monetary damages and for the Court to "give [him] relief from being in jail for no reason[.]" *Id.*, at 10. Plaintiff also requests appointment of counsel in this case. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate

avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### I.     Habeas Corpus versus § 1983 Actions

The Court first notes that it is unclear from plaintiff's complaint whether he is seeking monetary damages exclusively, or whether he is also seeking immediate release from custody. To the extent plaintiff is challenging the constitutionality of his pretrial detention/physical confinement and seeks immediate release, this claim must be raised in a habeas corpus petition under 28 U.S.C. §2241 rather than a § 1983 complaint.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation marks and citation omitted). Section 2241(c)(3) permits federal courts to grant relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); *see also McNeely v. Blanas,* 336 F.3d 822, 824 n. 1 (9th Cir. 2003). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and citation omitted).

Thus, while it is somewhat unclear from the complaint, to the extent plaintiff challenges the fact of his custody and seeks immediate release his claims are properly raised in a § 2241 petition, not a § 1983 complaint.

### II.     Challenge to Ongoing State Criminal Action

To the extent plaintiff is seeking monetary damages related to defendants' actions, his claims appear to be integrally related to his underlying state criminal proceedings. Specifically,

plaintiff alleges that his probation officer failed to notify him that he was required to report to probation and as a result he was arrested and charged with a misdemeanor related to that failure to report. Thus, the basis for plaintiff's § 1983 claims appear to also be the basis for his defense to his pending criminal proceeding. If this Court determined that defendants violated his constitutional rights in arresting and detaining him, that decision would necessarily interfere with plaintiff's ongoing criminal proceedings.

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from deciding issues raised in a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Applying the *Younger* criteria to this case shows that plaintiff cannot proceed in federal court. The state court criminal case is ongoing, involves a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff would be prevented from raising in his state court criminal case the same claims he raises in the present complaint in federal court. Plaintiff also fails to present sufficient facts in his complaint to show risk of great and immediate irreparable harm; there is no proof of any extraordinary circumstances requiring

the Court's intervention. Therefore, it appears that this action would unduly interfere with the state criminal proceeding and the Court should abstain from deciding these claims pursuant to *Younger*.

Accordingly, plaintiff is directed to either show cause why the Court should not abstain from deciding the claims raised in his complaint pursuant to *Younger*, or file an amended complaint with allegations of fact (if such facts exist) that would address this issue.

### III. Public Defender as Party

Plaintiff also seeks to recover damages against his public defender, Lillian Powers Kaide, under 42 U.S.C. § 1983. But, a state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Accordingly, to the extent plaintiff seeks to recover damages against his public defender for her actions as his public defender, his claim is not cognizable under §1983.

The Court also notes that even if plaintiff's public defender were a state actor for the purposes of § 1983, a finding that plaintiff's public defender was ineffective would also necessarily interfere with plaintiff's ongoing criminal proceedings and the Court would likely be required to abstain from deciding that issue under *Younger*.

### IV. Appointment of Counsel

Plaintiff also requests appointment of counsel in this case. Plaintiff's request for counsel is DENIED without prejudice as premature. Plaintiff has not yet filed a serviceable complaint and therefore the Court cannot yet properly evaluate whether appointment of counsel would be warranted. Plaintiff has also not shown that "exceptional circumstances" require the appointment of counsel. *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,*

154 F.3d 952 (9th Cir. 1998). He has not pled facts to show a likelihood of success on the merits or the inability to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### V. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court. To the extent plaintiff, as a pretrial detainee, seeks immediate release from custody, he may file a separate § 2241 habeas petition challenging the fact or duration of his custody on the form provided by the Court.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct.

If plaintiff decides to file an amended complaint, he shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court

will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **September 30, 2019**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why the Court should not abstain from deciding the claims raised in his complaint pursuant to *Younger* or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 30, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action under 28 U.S.C. § 1915, and may recommend the dismissal count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a 28 U.S.C. §2241 habeas petition and for service, a copy of this Order and the *Pro Se* Information Sheet.**

Plaintiff's request for appointment of counsel is DENIED without prejudice as premature.

Dated this 29th day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT AND DENYING REQUEST FOR COUNSEL
AS PREMATURE - 8