UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

                Plaintiff,

   v.

LILLIAN POWERS KAIDE, et al.,

                Defendants.

Case No. C19-5605-RJB-TLF

ORDER GRANTING REQUEST TO ADD INFORMATION TO COMPLAINT, GRANTING MOTION FOR EXTENSION TO FILE AMENDED COMPLAINT, DENYING REQUEST FOR COUNSEL

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. By order dated August 29, 2019, this Court declined to serve plaintiff's complaint due to various deficiencies. Dkt. 14. The order directed plaintiff that he had a deadline of September 30, 2019, to either (1) file an amended complaint, or (2) show cause why the action should not be dismissed in light of the deficiencies in his complaint. *Id.* On the same day the Court issued its order, plaintiff filed additional documents entitled "motion to add information to existing 1983 federal law complaint", (Dkt. 13) a "notice of appointment of counsel", (Dkt. 15) and a "notice to add additional facts to my complaint" (Dkt. 15). On September 18, 2019, plaintiff filed a motion for extension of time to file an amended complaint indicating he required additional time to obtain copies of necessary documents. Dkt. 16.

Plaintiff previously requested appointment of counsel in his original complaint. That request was denied as premature by order dated August 29, 2019. Dkt. 14. Plaintiff's "notice of

ORDER GRANTING REQUEST TO ADD INFORMATION
TO COMPLAINT, GRANTING MOTION FOR
EXTENSION TO FILE AMENDED COMPLAINT,
DENYING REQUEST FOR COUNSEL - 1

1 appointment of counsel" (Dkt. 15) again requests that counsel be appointed but adds no
2 additional information explaining why appointment of counsel would be appropriate at this time.

3 Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141
4 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under
5 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections
6 Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional
7 circumstances" exist, the Court considers "the likelihood of success on the merits as well as the
8 ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues
9 involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

10 At this point in the case plaintiff's complaint has not yet been served due to various
11 deficiencies and he is in the process of amending his complaint pursuant to this Court's order.
12 Although the Court found plaintiff's original complaint deficient, plaintiff's filings thus far
13 indicate he is capable of articulating his claims pro se. Furthermore, at this early stage of the
14 case, the Court is unable to properly assess the likelihood of success on the merits. Accordingly,
15 plaintiff's request for appointment of counsel (Dkt. 15) is **DENIED** without prejudice as
16 premature.

17 The same day this Court issued its order directing plaintiff to show cause or amend his
18 complaint plaintiff also filed a motion seeking to add information to the existing 1983 federal
19 law complaint (Dkt. 13). That motion (Dkt. 13) is **GRANTED**. However, having reviewed the
20 additional information contained in that motion (Dkt. 13) as well as in plaintiff's "notice to add
21 additional facts" (Dkt. 15) the Court finds that they do not address or remedy several of the
22 deficiencies addressed in its prior order directing plaintiff to show cause or file an amended
23 complaint (Dkt. 14). Furthermore, plaintiff has indicated he intends to file an amended complaint

24

25 ORDER GRANTING REQUEST TO ADD INFORMATION
TO COMPLAINT, GRANTING MOTION FOR
EXTENSION TO FILE AMENDED COMPLAINT,
DENYING REQUEST FOR COUNSEL - 2

responding to the Court's order but seeks additional time to do so. Dkt. 16. Under the circumstances, **the Court orders as follows:** (1) plaintiff's motion requesting an extension of time to file an amended complaint (Dkt. 16) is **GRANTED; (2) on or before October 30, 2019, plaintiff is directed to file an amended complaint which addresses the deficiencies noted in this Court's prior order (Dkt. 14) and includes each and every claim he intends to raise in this § 1983 action.**

**Plaintiff is advised that his amended complaint will operate as a complete substitute for his original complaint including any supplemental submissions (Dkts. 13 and 15).** Accordingly, any cause of action alleged in the original complaint and supplemental submissions that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff's amended complaint must be legibly rewritten or retyped and contain the same case number.

Dated this 25th day of September, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING REQUEST TO ADD INFORMATION
TO COMPLAINT, GRANTING MOTION FOR
EXTENSION TO FILE AMENDED COMPLAINT,
DENYING REQUEST FOR COUNSEL - 3