UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

                 Plaintiff,

v.

LILLIAN POWERS KAIDE, et al.,

                 Defendants.

Case No. C19-5605-RJB-TLF

REPORT AND RECOMMENDATION

Noted for December 20, 2019

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's order that he file one. Dkts. 14, 17. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's claims against defendant Lillian Powers Kaide in the amended complaint remain fatally deficient, and therefore, the undersigned recommends that the Court dismiss those claims prior to service for failure to state a claim upon which relief may be granted.[1]

---

[1] The Court notes that in its order directing plaintiff to show cause or amend the complaint (Dkts. 14, 17), the Court also found plaintiff's other claims against defendants Tracie Lake and Sheriff Joe Noel appeared to be integrally related to his underlying state criminal proceedings. Accordingly, the Court directed plaintiff to show cause why the Court should not abstain from deciding the claims raised in his complaint pursuant to *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971), or file an amended complaint with allegations of fact (if such facts exist) that would address this issue. Although the plaintiff did not directly address this issue in his amended complaint, one of the documents filed subsequent to his original complaint indicates that the state criminal proceedings related to these particular claims may no longer be ongoing, and certain of the charges against plaintiff may have been dismissed. *See* Dkt. 15. Accordingly, because the status of the criminal proceedings related to those claims is unclear, the undersigned does not recommend dismissal of the claims against defendants Lake and Noel at this point. If the Court adopts this

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Because plaintiff is a prisoner, the Court is required to screen the complaint under 28 U.S.C. § 1915A which provides, in relevant part:

> **(a) Screening.**--The court shall review, *before docketing*, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Before the Court may dismiss the complaint, or any portion of the complaint, as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

---

Report and Recommendation, the undersigned will direct service of the amended complaint against the remaining defendants, Tracie Lake and Joe Noel.

1    Plaintiff's complaint seeks, in part, to recover damages against his public defender, Lillian Powers Kaide, under 42 U.S.C. § 1983. Plaintiff's original complaint alleges ineffective assistance of counsel by defendant Kaide for seeking to have his mental health evaluated, for delays in his case, and because she generally does not seem to know what is going on with his case. *Id.* In his amended complaint, plaintiff alleges defendant Kaide did not give him copies of his court paperwork, "talked in circles", "lied" and "coerced" him into pleading to a crime that he didn't commit with "false promises" he would receive unsupervised probation and be able to leave the state and move back to Las Vegas. He alleges defendant Kaide sought a mental health evaluation; because of this evaluation, plaintiff asserts, he had to "sit in jail 5 months extra".

In its order directing plaintiff to show cause or amend the complaint (Dkts. 14, 17), the Court advised plaintiff that a state public defender performing traditional lawyering functions is not a state actor for purposes of 42 U.S.C. § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). The Court notes that a public defender may be liable under Section 1983 as a private actor "if she conspired or entered joint action with a state actor." *Crowe v. Cty of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). But to prove such a conspiracy, a § 1983 plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (1989) (quoting *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983)). Further a public defender may be liable under Section 1983 when performing administrative functions. *Miranda*, 319 F.3d at 469; *see also Polk Cty.*, 454 U.S. at 325 (listing hiring and firing decisions as administrative functions that might be under color of state law).

REPORT AND RECOMMENDATION - 3

Here, plaintiff alleges defendant Kaide performed deficiently but only in the context of performing traditional lawyer functions. Specifically, plaintiff alleges defendant Kaide did not seem to know what was going on, caused delays in his case, failed to give him copies of court paperwork, sought to have his mental health evaluated, and "coerced" him into pleading guilty to a crime he didn't commit by misleading him about the outcome of such a plea. However, raising possible defenses - such as mental incapacity - and providing legal advice regarding a plea negotiation (even if such advice is incorrect, negligent, or otherwise deficient) are traditional lawyer functions. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002).

Plaintiff has not alleged any facts in the amended complaint to indicate defendant Kaide conspired with state officials or was acting outside her traditional role as plaintiff's lawyer. Even if, as plaintiff alleges, defendant Kaide performed her role as his public defender deficiently or provided ineffective assistance, this does not make her a state actor for purposes of § 1983 liability. *See Miranda*, 219 F.3d at 468 (public defender who "did essentially nothing" was not a state actor even if his "conduct was deficient and to the detriment of his client"). Plaintiff was given the opportunity to address this problem with the original complaint but failed to do so in the amended complaint.

Therefore, the Court recommends the claims against defendant Kaide be dismissed. Furthermore, due to the nature of plaintiff's claims against defendant Kaide it appears that further amendment of these claims would be futile. Accordingly, the Court recommends dismissal of plaintiff's claims against defendant Kaide prior to service for failure to state a claim under 42 U.S.C. § 1983.

## CONCLUSION

Because plaintiff has already been granted the opportunity to amend the complaint - and the claims against defendant Kaide in the amended complaint remain fatally deficient without

any indication the deficiencies discussed above can be cured – this Court should dismiss all of the claims against defendant Kaide for failure to state a claim under 42 U.S.C. § 1983 with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **December 20, 2019**, as noted in the caption.

Dated this 2nd day of December, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5