UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

                         Plaintiff,

         v.

JOE NOLE, ET AL.,

                         Defendants.

Case No. C19-5605-RJB-TLF

ORDER DENYING MOTION TO
APPOINT COUNSEL

Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. By order dated December 30, 2019, the Court dismissed one of the defendants named in plaintiff's complaint and by order dated January 3, 2020, directed service against the remaining two defendants. Dkts. 23, 25. Presently before the Court is plaintiff's motion for court appointed counsel. Dkt. 24.

The plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff's motion states only that he is requesting court appointed counsel but fails to set forth any facts indicating a likelihood of success on the merits or that he is unable to articulate his claims pro se in light of the complexity of the legal issues involved. At this point plaintiff has articulated his claims with sufficient clarity for the Court to order service of that complaint with respect to two defendants. Moreover, plaintiff's claims appear to relate to the circumstances of his arrest and detention and, at this point, do not appear to raise particularly complex issues of fact or law. At this early point in the litigation, plaintiff has not demonstrated an inability to present his claims to this Court without counsel nor has he shown that he is likely to succeed on the merits of his claims. Plaintiff's motion for appointment of counsel (Dkt. 24), therefore, is **DENIED without prejudice**.

Dated this 7th day of January, 2020.


Theresa L. Fricke
United States Magistrate Judge