UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

        Plaintiff,

v.

JOE NOLE, et al.,

        Defendants.

Case No. C19-5605-RJB-TLF

ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR COUNSEL AND RE-NOTING MOTION FOR COUNSEL AND MOTION FOR SUMMARY JUDGMENT

Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is plaintiff's second motion to appoint counsel and for extension of time (Dkt. 37) and defendants' motion for summary judgment (Dkt. 39).

In his motion for counsel, plaintiff alleges on or about March 17, 2020, some members of Jefferson County Jail staff confiscated his legal papers and books. Dkt. 37. Plaintiff also alleges there is no law library at the jail. *Id.* For these reasons, among others, plaintiff contends he is unable to prosecute his case and requests the Court appoint counsel. *Id.* Defendants did not respond to plaintiff's motion for counsel or otherwise address plaintiff's allegations.

The plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of

ORDER DIRECTING DEFENDANTS TO RESPOND TO
PLAINTIFF'S MOTION FOR COUNSEL AND RE-
NOTING MOTION FOR COUNSEL AND MOTION FOR
SUMMARY JUDGMENT - 1

counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To assess whether exceptional circumstances show that counsel should be appointed the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved[.]" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Here, the Court is concerned by plaintiff's allegations that his legal materials were confiscated and that he does not have access to a law library. Accordingly, it is ORDERED:

(1) The Court will DEFER ruling on plaintiff's motion to appoint counsel (Dkt. 37). **On or before May 22, 2020,** defendants are directed to file a response to plaintiff's motion addressing the allegations that his legal materials were confiscated and that he does not have access to a law library at the Jail. Plaintiff may file a reply on or before **June 5, 2020**.

ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR COUNSEL AND RE-NOTING MOTION FOR COUNSEL AND MOTION FOR SUMMARY JUDGMENT - 2

(2) The Court will also DEFER ruling on defendants' motion for summary judgment (Dkt. 39) pending the submission of additional briefing and resolution of plaintiff's motion to appoint counsel.

(3) The Clerk is directed to RE-NOTE plaintiff's motion to appoint counsel (Dkt. 37) to **June 5, 2020**, and defendants' motion for summary judgment (Dkt. 39) to **July 17, 2020**.

Dated this 27th day of April, 2020.

Theresa L. Fricke
United States Magistrate Judge