UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

          Plaintiff,

   v.

JOE NOLE, et al.,

          Defendants.

Case No. C19-5605-RJB-TLF

ORDER DENYING SECOND MOTION FOR COUNSEL, GRANTING EXTENSION, AND RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is plaintiff's second motion to appoint counsel (Dkt. 37) and defendants' motion for summary judgment (Dkt. 39).

Plaintiff previously moved for appointment of counsel in this case. Dkt. 24. That motion was denied on the grounds that plaintiff had failed to set forth any facts indicating a likelihood of success on the merits or that he was unable to articulate his claims pro se in light of the complexity of the legal issues involved. Dkt. 27. In his second motion for appointment of counsel, plaintiff alleges that on or about March 17, 2020, some members of Jefferson County Jail staff confiscated his legal papers and books. Dkt. 37. Plaintiff also alleges there is no law library at the jail. *Id.* For these reasons, among others, plaintiff contends he is unable to prosecute his case and requests the Court appoint counsel. *Id.* Because the Court was concerned by plaintiff's

ORDER DENYING SECOND MOTION FOR COUNSEL,
GRANTING EXTENSION, AND RE-NOTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
- 1

allegations that his legal materials were confiscated and that he did not have access to a law library, the Court directed the defendants to respond to plaintiff's motion and to specifically address these allegations. Dkt. 43.

Defendants filed a response to plaintiff's motion and submitted the declaration of Jefferson County Corrections Facility Superintendent David Fortino. Dkts. 45, 46. In his declaration, Superintendent Fortino states that on or about March 17, 2020, as a result of nuisance contraband being accumulated in plaintiff's jail cell, some personal property was removed from plaintiff's cell and placed in storage. *Id.* He states that plaintiff can access his paperwork and property pertaining to this case by submitting a written request form to Jail staff. *Id.* He states that plaintiff is familiar with this process as he has made such written requests in the past but that he has not made such a request with respect to the papers or property related to this case. *Id.* He also states that since March 17, 2020, plaintiff has received two copies of the defendants' summary judgment motion materials. *Id.*

Superintendent Fortino states that the law library accessible to Jail detainees is located in the Port Townsend Courthouse, approximately 15 miles from the Jail. *Id.* He states an inmate can make a request to the court to have a lawyer provide a standby assist to utilize the court law library or he can make the request to be transported to the law library to Jail staff. *Id.* He notes that in this case plaintiff does not have a standby attorney because his case has been decided and his court-appointed attorney was relieved. *Id.* But, he states that plaintiff has never made a request of Jail staff to utilize the law library. *Id.*

ORDER DENYING SECOND MOTION FOR COUNSEL, GRANTING EXTENSION, AND RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
- 2

Plaintiff did not file a reply or otherwise dispute Superintendent Fortino's statements regarding the procedures available to him for accessing his legal materials or the law library.

The plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To assess whether exceptional circumstances show that counsel should be appointed the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved[.]" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Here, plaintiff fails to set forth any facts indicating a likelihood of success on the merits or that he is unable to articulate his claims pro se in light of the complexity of the legal issues involved. The declaration of Superintendent Fortino indicates that there are

ORDER DENYING SECOND MOTION FOR COUNSEL, GRANTING EXTENSION, AND RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
- 3

procedures in place for plaintiff to access his legal materials and the law library and that plaintiff is aware of those procedures. Plaintiff has articulated his claims with sufficient clarity for the Court to order service of that complaint with respect to two defendants. Moreover, plaintiff's claims appear to relate to the circumstances of his arrest and detention and do not appear to raise particularly complex issues of fact or law. At this point in the litigation, plaintiff has, again, not demonstrated an inability to present his claims to this Court without counsel nor has he shown that he is likely to succeed on the merits of his claims.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 37), is **DENIED without prejudice**. However, in order to ensure that plaintiff has adequate time to utilize the appropriate procedures to access his legal materials and the law library, the Court will grant plaintiff an extension of time to **July 31, 2020**, to respond to defendants' motion for summary judgment. The Clerk is directed to **re-note defendants' motion for summary judgment** (Dkt. 39) to **August 7, 2020** and defendants may file a reply on or before that date**.**

Dated this 30th day of June, 2020.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING SECOND MOTION FOR COUNSEL, GRANTING EXTENSION, AND RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4