UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Brian Judah Michalek, <br><br>            Plaintiff, <br><br>    v. <br><br> Joe Nole, *et al.*, <br><br>            Defendants. | Case No. 3:19-cv-05605-RJB-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for January 22, 2021 |

This matter is before the Court on Plaintiff's failure to update his address with the court. Dkt. 54. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 lawsuit. On April 1, 2020, Defendants filed a motion for summary judgment which is currently pending before the Court. On August 31, 2020, Plaintiff filed a notice of change of address. Dkt. 51. Plaintiff has not responded to the defendants' motion and on October 29, 2020, mail from the Court to Plaintiff at the address Plaintiff provided was returned as undeliverable. Dkt. 53. On December 7, 2020, the Court issued an order requiring

Plaintiff to update his address or face dismissal of this matter without prejudice. Dkt. 54. That order was also returned as undeliverable. Dkt. 55.

Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address. . . . If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was first returned to the Court as undeliverable to the address provided by Plaintiff more than 60 days ago. To date, Plaintiff has not provided an updated address to the Court or responded to the pending motion for summary judgment. Accordingly, the undersigned recommends that, pursuant to LCR 41(b)(2), the Court dismiss this action without prejudice for failure to prosecute.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court

must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

Here, Plaintiff has failed to comply with his obligations under the Local Rules. Any appeal would be frivolous or taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should not continue in the event of an appeal.

## CONCLUSION

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 22, 2021**, as noted in the caption.

Dated this 4th day of January, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3